George E. Glines, as Receiver of the Supreme Sitting of the Order of the Iron Hall, Respondent, *v.* The Binghamton Trust Company, as Receiver of the Supreme Sitting of the Order of the Iron Hall, Appellant, Impleaded with Others.

*Temporary receiver superseded by the appointment of a permanent receiver.*

The appointment, by a final judgment of the Supreme Court of the State of New York, of a permanent receiver of the property within this State of a foreign corporation, with power to collect and distribute the same, supersedes a prior appointment by the same court, although made in another action and in another judicial district, of a temporary receiver appointed to preserve the property of the same corporation until a final judgment for its distribution should be entered.

Appeal by the defendant, the Binghamton Trust Company, as receiver in the State of New York of the property of the Supreme Sitting of the Order of the Iron Hall, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 20th day of February, 1893, enjoining and restraining the said defendant, as such receiver, from interfering with the plaintiff as temporary receiver of the same Supreme Sitting.

The Supreme Sitting of the Order of the Iron Hall is a corporation of the State of Indiana, in the nature of a mutual benefit association. The respondent, Giles E. Glines, was appointed temporary receiver of the Supreme Sitting by an order of the Special Term of the Supreme Court, held at the city of New York, in and for the first judicial district, on the 26th day of August, 1892, in an action brought by him, as plaintiff, in that district, against the said Supreme Sitting, as defendant.

The appellant, the Binghamton Trust Company, was appointed permanent receiver of the said Supreme Sitting by a final judgment of the Supreme Court, in Broome county, in the sixth judicial district, on the 2d day of November, 1892, in an action wherein Sherman B. Mosher was plaintiff and the said Supreme Sitting was defendant.

*Alfred Ely*, for the appellant.

*Howard H. Morse*, for the respondent.

Per Curiam:

By section 713 of the Code provision is made for the appointment of receivers before final judgment and by the final judgment. Subdivision 1 of this section provides that a receiver may be appointed " before final judgment on the application of a party who has established an apparent right to, or interest in, the property, where it is in the possession of an adverse party, and there is danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured or destroyed."

The object of this provision is clearly for the preservation of the property until the court, by its final judgment, shall make such disposition of it as justice requires, and appoint a receiver to carry the judgment into effect.

Subdivision 2 of the same section provides for the appointment of a receiver by final judgment. That provision is that a receiver may be appointed " by or after the final judgment, to carry the judgment into effect, or to dispose of the property according to its direction."

It is apparent that the appointment of the receiver by the final judgment to carry the judgment into effect or to dispose of the property, is the exercise of a different and distinct power conferred upon the court from that which is given for the purpose of preservation of the property during the pendency of the action ; and the exercise of this final power necessarily supersedes action which has been merely temporary in its character for the preservation, and taken solely for the protection of the property until such final power is exercised.

By the final judgment in the action in Broome county, of *Mosher* v. *The Supreme Sitting of the Order of the Iron Hall*, this court makes provision for the final disposition of the property in this State of the foreign corporation, and appoints the Binghamton Trust Company, the defendant herein, permanent receiver of the property, assets and funds of the defendant within the State of New York, and authorizes and directs it to collect, demand and receive, and to distribute the same among the persons entitled thereto, as in said decree directed. This final judgment was, therefore, the final direction of the court as to the disposition of the property, and the appointment of a receiver to carry such final judgment into effect, seems to have superseded all previous action taken for the purpose

PEOPLE ex rel. EDISON ELEC. ILL. CO. v. BARKER. 513

First Department, April Term, 1893.

of the preservation of the property until a judgment should be entered by the court for its final distribution, including the appointment of temporary receivers to preserve the property. The order appealed from enjoins the Binghamton Trust Company, the permanent receiver, from performing the duties which were imposed upon it by the judgment appointing it; and, as it was the duty of the defendant to carry out the provisions of such final judgment, the order was erroneous.

No question is presented on this record as to a conflict of jurisdiction between different courts, as to which court shall administer the estate, both actions being in the same court, the only question being as to the method by which the court shall protect and distribute this property. Therefore, many of the authorities which have been cited on this appeal have no bearing upon the question presented.

We think the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for an injunction denied, with ten dollars costs, and the temporary injunction vacated.

Present—Van Brunt, P. J., and Ingraham, J.

Order reversed, with ten dollars costs and disbursements, and the motion for an injunction denied, with ten dollars costs, and the temporary injunction vacated.